UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALNEVA MANAGEMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREA WHITE and ADAM WHITE,<br><br>Defendants. | Case No. 12-cv-05763 NC<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 1 |

Defendants Andrea White and Adam White filed a notice of removal alleging that this Court has federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff Calneva alleges only one cause of action in its complaint, unlawful detainer, which arises exclusively out of state law. Accordingly, defendants must show cause why removal is proper by November 28, 2012 at 5:00 p.m. Also by November 28, the parties must consent or decline to the jurisdiction of a United States Magistrate Judge.

**Subject Matter Jurisdiction**

A defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action. 28 U.S.C. § 1441. Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of

Case No. 12-cv-05763 NC
ORDER TO SHOW CAUSE

the United States," 28 U.S.C. § 1331, and over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states," 28 U.S.C. § 1332(a). In the absence of diversity jurisdiction, removal to federal court is only proper when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, defendants allege in their notice of removal that Calneva violated the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), codified at 12 U.S.C. § 5201, *et seq.*, which raises an issue of federal law. This is insufficient as a basis for removal, however, for two reasons. First, claims pled by the defendant do not confer federal question subject matter jurisdiction; and second, the PTFA does not confer a private right of action. *See, e.g.*, *Deutsche Bank Nat. Trust Co. v. Eaddy*, 12-cv-01845 YGR, 2012 WL 4173987, at *1 (N.D. Cal. Sept. 18, 2012) ("The PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for federal subject matter jurisdiction."). Thus, defendants have not met their burden to show that removal is proper.

For additional guidance, defendants may refer to the Court's Pro Se Handbook, available on the Court's website at http://www.cand.uscourts.gov/prosehandbook, or contact the Legal Help Center, which provides information and limited-scope legal advice to pro se litigants in civil cases. The Legal Help Center requires an appointment, which can be made by calling (415) 782-9000 x8657.

IT IS SO ORDERED.

Date: November 14, 2012

_____
Nathanael M. Cousins
United States Magistrate Judge