# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| CALNEVA MANAGEMENT, INC., <br> Plaintiff, <br> v. <br> ANDREA WHITE and ADAM WHITE, <br> Defendants. | Case No. 12-cv-05763 NC <br> **ORDER REMANDING TO STATE COURT** <br> Re: Dkt. No. 1 |

Defendants Andrea White and Adam White filed a notice of removal asserting that this Court has federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff Calneva alleges only one cause of action in its complaint, unlawful detainer, which arises exclusively out of state law. The Court ordered defendants to show cause why removal is proper by November 28, 2012. Because defendants have not established that this Court has subject matter jurisdiction, the Court REMANDS the action to state court.

## I. BACKGROUND

**A.    Calneva's Complaint**

On October 16, 2012, Calneva filed a complaint against defendants in San Mateo County Superior Court alleging a claim for unlawful detainer under California Civil Code § 1161a. Dkt. No. 1 at 8. Calneva states that it purchased 439 Manor Drive, Pacifica, California at a trustee's sale pursuant to the power of sale contained in a deed of trust

secured by the premises. *Id.* at 8-9. It alleges that it served a three-day notice to quit the premises on defendants on October 11, 2012, but that defendants failed to vacate and are still in possession of 439 Manor Drive. *Id.* at 9. Calneva seeks possession of the property, damages of $82.19 per day up to $25,000, costs, and attorneys' fees. *Id.*

**B. Defendants' Notice of Removal**

In their notice of removal filed on November 9, 2012, defendants assert that this Court has federal question jurisdiction under 28 U.S.C. § 1331. *Id.* at 2. Defendants also allege that Calneva failed to comply with the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5201, which raises an issue of federal law. *Id.* at 2-3.

**C. Order to Show Cause**

This Court ordered defendants to show cause why removal is proper by November 28, 2012. Dkt. No. 4. In the order, the Court stated that defenses pleaded by a defendant do not confer subject matter jurisdiction, and that in any event, the PTFA does not confer a private right of action. *Id.* at 2. The order also referred defendants to the Legal Help Desk for pro se litigants. *Id.*

Defendants timely responded but stated only that "this action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b). The complaint presents federal questions." Dkt. No. 6 at 2.

**D. Calneva's Motion to Remand**

On December 12, 2012, Calneva filed a motion to remand the action to state court. Dkt. No. 8. Calneva cited to the Court's show cause order and argued that no federal subject matter jurisdiction exists because its complaint does not allege a federal question. *Id.* at 4-5. In addition, Calneva seeks costs and attorneys' fees incurred as a result of the removal under 28 U.S.C. § 1447(c). *Id.* at 7.

**E. Jurisdiction**

All parties have consented to the jurisdiction of a United States magistrate judge under 28 U.S.C. § 636(c). *See* Dkt. Nos. 5, 7.

//

Case No. 12-cv-05763 NC
ORDER REMANDING TO STATE COURT
2

## II. STANDARD OF REVIEW

A defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action. 28 U.S.C. § 1441. Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states," 28 U.S.C. § 1332(a). In the absence of diversity jurisdiction, removal to federal court is only proper when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III. DISCUSSION

**A.     This Court Lacks Subject Matter Jurisdiction.**

Calneva's complaint does not present a federal question. The single cause of action Calneva states is unlawful detainer under California Civil Code § 1161a. In their response to this Court's show cause order, defendants did not explain how Calneva's complaint presented a federal question that would confer subject matter jurisdiction. Defendants' PTFA claim is likewise insufficient as a basis for removal. Claims pled by the defendant do not confer federal question subject matter jurisdiction; and, the PTFA does not confer a private right of action. *See, e.g.*, *Deutsche Bank Nat. Trust Co. v. Eaddy*, 12-cv-01845 YGR, 2012 WL 4173987, at *1 (N.D. Cal. Sept. 18, 2012) ("The PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for federal subject matter jurisdiction."). Accordingly, this Court lacks jurisdiction under 28 U.S.C. § 1331.

Nor does diversity jurisdiction exist. Calneva's complaint seeks $25,000 in damages and states that Calneva is located in Millbrae, California. Dkt. No. 1 at 8. Defendants list 439 Manor Drive, Pacifica, California as their address on their notice of removal and do not make any other assertions about their residency or Calneva's. Because all parties are citizens of California and the amount in controversy does not exceed $75,000, this Court does not have jurisdiction under 28 U.S.C. § 1332.

Furthermore, even if Calneva were not a resident of California for the purposes of diversity jurisdiction, removal of a case to a federal court in the state in which defendants reside is prohibited under 28 U.S.C. § 1441(b)(2). Therefore, defendants have not met their burden to show that removal is proper.

**B.   Calneva's Request for Costs and Attorneys' Fees Is Denied.**

In its motion for remand, Calneva requests costs and attorneys' fees it incurred as a result of defendants' removal to federal court. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). But, "[i]n determining whether to award attorneys' fees in cases involving improper removal by a pro se defendant, courts accord significant weight to the defendant's lack of representation." *Wells Fargo Bank, N.A. v. Hunt*, No. 10-cv-04965 JCS, 2011 WL 445801, at *5 (N.D. Cal. Feb. 3, 2011) (collecting cases).

Here, defendants are appearing pro se. The Court is ruling sua sponte, which minimizes the cost of motion practice in federal court. Accordingly, Calneva's request for costs and attorneys' fees is denied.

## IV. CONCLUSION

The Court lacks subject matter jurisdiction over this action. It REMANDS the case to San Mateo County Superior Court and DENIES Calneva's request for costs and fees.

IT IS SO ORDERED.

Date: December 13, 2012

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 12-cv-05763 NC
ORDER REMANDING TO STATE COURT    4